Michael J. Devereaux & Assoc., P.C. v Tufo (2023 NY Slip Op 03197)

Michael J. Devereaux & Assoc., P.C. v Tufo

2023 NY Slip Op 03197

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Kapnick, J.P., Friedman, González, Pitt-Burke, JJ. 

Index No. 150497/14 Appeal No. 471-472 Case No. 2023-01217, 2023-01338 

[*1]Michael J. Devereaux & Associates, P.C., Plaintiff-Appellant,
v
John Tufo et al., Defendants-Respondents, John Russell et al., Defendants. 

Devereaux Law Group, Northport (Michael J. Devereaux of counsel), for appellant.
Stagg Wabnik Law Group LLP, Garden City (Brian A. Lacoff of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered March 6, 2023, which granted defendants John Tufo and Janice Tufo's motion to compel plaintiff to produce previously exchanged disclosure, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 8, 2023, which granted defendants' motion for a stay of trial pending the outcome of the motion to compel, unanimously dismissed, without costs, as abandoned.
Supreme Court providently exercised its discretion in compelling plaintiff to provide defendants with all previously exchanged discovery and nonprivileged legal files, even after the filing of the note of issue and certificate of rediness. The sudden death of defendants' prior counsel after years of litigation (see Michael J. Devereaux & Assoc., P.C. v Tufo, 192 AD3d 506 [1st Dept 2021]), and their new counsel's inability to obtain their case file, constitute unusual or unanticipated circumstances warranting the relief requested (see 22 NYCRR 202.21[d]; Wiebusch v Bethany Mem. Reform Church, 51 AD3d 577, 577-578 [1st Dept 2008]). Furthermore, the record shows that defendants acted promptly by securing new representation within 37 days of their prior counsel's death, that their newly retained counsel immediately sought to compel production of the previously exchanged discovery upon realizing that it was missing, and that plaintiff would not voluntarily provide the requested discovery. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023